UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KHOR CHIN LIM,

        Plaintiff,

        v.                      Case No.  12-C-0429

NEW YORK STATE BOARD
OF LAW EXAMINERS,
CHARLES N. CLEVERT,
and DOES 1-18,

        Defendants.

DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (DOC. 8)
AND DENYING MOTION TO AMEND (DOC. 11)

Plaintiff Khor Chin Lim, who resides in Wisconsin, brought this action asserting various claims arising out of acts allegedly performed by defendants, the New York State Board of Law Examiners, and naming eighteen Doe defendants.  Lim amended his complaint to add this court.[1]  The Board moves to dismiss for several reasons, with its first point of attack as personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  On the other hand, Lim has filed a motion for leave to file a second amended complaint.  For the following reasons, this court will grant defendants' motion to dismiss and dismiss the remaining claims as well.  Lim's motion will be denied.

MOTION TO DISMISS

A.    Claims Against the Board

The New York State Board of Law Examiners was created by the New York State Legislature in 1894 and maintains a corporate office in Albany, New York.  (Am.

---

[1]Lim incorrectly spelled the name as "Clervert" in the caption but spelled the name correctly in the text. The caption has been amended.

Compl. ¶ 2.) The State of New York requires that applicants score an 85 or greater on the Multistate Professional Responsibility Exam (MPRE) prior to being certified by the Board for admission to the New York bar. (*See id.* ¶ 15.) Lim took the bar exam administered by the Board on February 28 and 29, 2012. (*Id.* ¶ 17.) On April 16, 2012, Lim's MPRE score was reported as 77. (*Id.* ¶ 18.) Subsequently, Lim requested the National Conference of Bar Examiners (NCBE), the entity administering the MPRE, that his score be rechecked and that he be given the methodology used to derive the score. (*Id.* ¶ 19.) The NCBE did not respond favorably to the request. (*Id.*)

Thereafter, Lim notified the Board that, "the low score of 77 is a result of fraud and or discrimination by NCBE through MPRE." (*Id.* ¶ 20.) The Board sent Lim an email advising that he did not pass the bar exam that he had taken on February 28 and 29. (*Id.* ¶ 21.) The email included Lim's score of 601, which is below the 665 required to pass the New York bar exam. (*Id.*)

Lim seeks a declaratory order that he has attained a passing score on the MPRE and New York bar exam and an injunction ordering the Board to report to the Appellate Division of the New York courts that Lim had passing scores. (*Id.* at 13.) He contends that the Board caused his bar exam score to be 601; that the Board acted fraudulently and that it is liable for misrepresentation, breach of contract and libel.

Ordinarily, once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving personal jurisdiction exists. *Johnson Worldwide Assocs., Inc. v. Brunton Co.,* 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998). Generally, the party asserting personal jurisdiction need only make out a prima facie case of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). When personal

jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material

facts are in dispute. *Id.* If there is no factual dispute an evidentiary hearing is not required.

*Id*.

Federal Rule of Civil Procedure 4(k) provides that federal courts acquire personal

jurisdiction upon effective service of process over a defendant "who is subject to the

jurisdiction of a court of general jurisdiction in the state where the district court is located,"

or "when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(A), (C). In opposing the

motion to dismiss, Lim mentions no federal statute that would confer personal jurisdiction

under nationwide service of process. Thus, the court must have personal jurisdiction as

a Wisconsin state court would, to allow the case against the Board to continue.

The jurisdictional analysis at hand has two components. First, it must be

determined whether the defendants are subject to personal jurisdiction under Wisconsin's

long-arm statute, Wis. Stat. § 801.05. Second, it must be determined whether personal

jurisdiction over defendants by this court comports with due process. *See Kinslow v.

Pullara*, 538 F.3d 687, 690 (7th Cir. 2008); *Hyatt Int'l Corp.*, 302 F.3d at 713-16. Here, the

Board's challenge goes right to the due process component of this analysis,[2] and Lim's

ability to meet his burden of presenting a prima facie case that they are subject to personal

jurisdiction in this proceeding.

Due process requires that jurisdiction over a nonresident defendant be based upon

the defendant's "minimum contacts" with the forum state, "'such that the maintenance of

the suit does not offend traditional notions of fair play and substantial justice.'" *Hyatt Int'l*

---

[2]Wisconsin's legislature intended the long-arm statute to be as broad as the constitutional due process standard, so if Lim's complaint exceeds constitutional bounds it exceeds the long-arm statute as well. *Rasmussen v. Gen. Motors Corp.*, 2011 WI 52, ¶ 20, 335 Wis. 2d 1, ¶ 20, 803 N.W.2d 623, ¶ 20.

3

*Corp.*, 302 F.3d at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (internal quotation marks omitted)).  A defendant must have "'purposefully established minimum contacts within the forum State'" and purposefully availed itself of the privilege of conducting activities there, *id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)), such that it could reasonably anticipate "being haled into court" there, *id*. (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The Board was created by the New York legislature, maintains its only location in Albany, New York, and has had no contacts with this forum other than the instant lawsuit. According to the Board (and undenied by Lim), Lim took the bar exam in Buffalo, New York, not in Wisconsin.  Moreover, nothing in the Amended Complaint discloses a connection between the Board and Wisconsin other than the indication that Lim is a Wisconsin resident.  Thus, Lim's inability to pass the New York bar exam administered by the Board in New York would not reasonably put the Board on notice of a need to defend against claims in a Wisconsin court.  That citizens from states other than New York may travel to New York to take the New York bar exam does not satisfy due process requirements.

Lim suggests no basis for finding that the Board purposefully availed itself of the privilege of doing business in Wisconsin or that the Board reached out to create the necessary contacts with this state.  However, he argues that the Board has minimum contacts with Wisconsin because scores from the MPRE and the Multistate Bar Exam are required for admission to the New York bar, and the headquarters for the administrators of those tests is located in Madison, Wisconsin.  Even if the headquarters for NCBE is

4

located in Madison, which the NCBE website[3] indicates is so, the Board's use of scores

from NCBE tests does not establish the minimum contacts necessary to meet due process

concerns. The complaint fails to assert or substantiate any contractual or ongoing

relationship between the Board and NCBE.

The Seventh Circuit observed in *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir.

1985), that a plaintiff may not "hale any defendant into court in the plaintiff's home state,

where the defendant has no contacts, merely by asserting that the defendant has

committed an intentional tort against the plaintiff." Therefore, because the Board "simply

has nothing to do with the state where it is being called to appear in court," *Mobile

Anesthesiologists Chi.*, *LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d

440, 444 (7th Cir. 2010), this court has no personal jurisdiction over the Board. For this

court to rule otherwise would offend traditional notions of fair play and substantial justice.

Analogous to this action is *Burstein v. State Bar of California*, 693 F.2d 511 (5th Cir.

1982), in which a Louisiana resident failed the California bar exam then sued the California

Bar in a Louisiana federal court. In outlining why personal jurisdiction was not proper, the

Fifth Circuit stated:

> We find that the alleged actions of the Bar complained of in this suit, in and
> of themselves, have insufficient relation to Louisiana to support the personal
> jurisdiction of a Louisiana state court. An analysis of the overall fairness of
> maintaining the suit in Louisiana, taking into account the nature and
> substantiality of the Bar's relationship to Louisiana, the burden on the Bar of
> litigating in Louisiana, the location of the likely witnesses and the source of
> the state law most likely to be applied, and the interests of Louisiana and the
> plaintiff in having a Louisiana forum, leads us to the conclusion that allowing
> this suit to proceed in Louisiana would offend "traditional notions of fair play
> and substantial justice."

---

[3]http://www.ncbex.org/contact-us/#, (last visited July 12, 2012).

*Id.* at 523 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

For the above-stated reasons, the Board's motion to dismiss must be granted.

B.      Claims Against Does 1-18

The Amended Complaint identifies Does 1 through 18 as additional defendants. The body of the Amended Complaint indicates that Lim contemplates the further amendment of the complaint after the actual names of the Doe defendants are ascertained.  However, nothing else in the text of the Amended Complaint suggests any grounds for relief against any Does.  The Amended Complaint is confined to limited discussion of actions by the Board and this court.

A viable complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  And, enough facts must be set forth to state a claim that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).  Because the Amended Complaint is devoid of plausible facts or claims against any Doe defendants, all claims against them must be dismissed for failure to state a claim upon which relief may be granted.

C.      Claims Against this Court

As an initial matter, the court notes that the docket does not reflect service of process or waiver of service pursuant to Fed. R. Civ. P. 4.  Regardless, the claims against the court may be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The Amended Complaint asserts that this court failed to rule on Lim's motion for a temporary restraining order in case number 12-C-296 and failed to rule on a motion to

recuse.[4]  It contends that these actions (actually omissions) "viciously deprived plaintiff of the rights protected by the US Constitution."  (Am. Compl. ¶ 33a.)  The Amended Complaint further asserts that the court is liable for abuse of legal process (*id.* ¶¶ 52-55), interference with Lim's contractual rights with the Board (*id.* ¶¶ 56-59), and deprivation of constitutional rights (*id.* ¶¶ 60-61aa).  It seeks unspecified compensatory and punitive damages.  (*Id.* at 15.)

It is a fundamental principle that judges are entitled to absolute immunity from damages suits based on their judicial conduct.  *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991).  Judicial immunity is an immunity from suit, not just from the assessment of damages, and it is not overcome by allegations of even bad faith or malice.  *Id.* at 11. Immunity is overcome only (1) when actions are not taken in the judge's judicial capacity or (2) when judicial actions are taken in the complete absence of jurisdiction.  *Id.* at 11-12. Whether an act is judicial relates to whether it is a function normally performed by a judge. *Id.* at 12.  A judge is not deprived of immunity if his or her action was erroneous or in excess of authority.  *Id.* at 13.

All of the assertions and claims against this court involve judicial activity or inaction. The resolution of motions, including motions for a TRO or to recuse are within a judge's purview.  Lim's assertions that the court was acting without jurisdiction with respect to the matters in paragraphs 3a and 5 is frivolous.  Thus, judicial immunity dictates that all claims

---

[4]Lim's motion to recuse has been addressed in a separate order.  In short, Lim added this court as a defendant in this case after the court ruled against Lim in another case, and Lim should not be allowed to judge-shop.  One could speculate that Lim has been court-shopping as well.  He asserts in his complaints that he lives within the Western District of Wisconsin, but chooses to file his (numerous) cases in the Eastern District because he has also sued the clerk of court of the Western District.  To date, no defendant in a case before this court has filed a motion for change of venue.

7

against this court be dismissed.

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In response to the Board's motion to dismiss, Lim filed a motion for leave to amend his complaint again. Because he has amended the complaint once and the Board opposes the amendment he needs court approval before he may file a Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires", *id.*, an amendment may be denied under Rule 15 for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). Here, Lim's proposed amendment is futile.

Lim seeks to amend the Amended Complaint to drop the Board as a defendant and to add six individuals. However, the proposed Second Amended Complaint names these individuals only in the case caption and paragraph 2 of the document merely identifies them as Board members, administrators, or officers, with the address of the Board in Albany, New York. To the extent that these proposed defendants may be sued in their official capacity, the suit against them is merely a suit against the Board. And as stated above, this court does not have personal jurisdiction over the Board. To the extent Lim may wish to sue these proposed defendants individually he has failed to assert any facts that demonstrate that they harmed him any manner.

### CONCLUSION

Now, therefore,

IT IS ORDERED that defendants' motion to dismiss for lack of personal jurisdiction (Doc. 8) is granted.

IT IS FURTHER ORDERED that the motion to amend the Amended Complaint and

8

file a second amended complaint (Doc. 11) is denied.

IT IS FURTHER ORDERED that the entire case is dismissed.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

9